IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY ONEAL BULLOCK,

    **Petitioner,**

v.                                                                              **Civil Action No. 3:24cv760**

**DIRECTOR OF D.O.C. CHADWICK
DOTSON,** *et al.*,

    **Respondent.**

## MEMORANDUM OPINION

Timothy Oneal Bullock, a Virginia inmate currently housed in Nevada, brings this "Motion for omnibus & reappeal denied motion," attacking his state conviction and sentence from 2015 in the Richmond Circuit Court. (ECF No. 1, at 1.) Mr. Bullock has identified the case with a state circuit court case number and notes that his filing is "[i]n the Circuit Court of the Richmond John Marshall Courts building." (ECF No. 1, at 1.) It is unclear whether Mr. Bullock intended to file this motion in this federal Court or if he intended to file it in the Richmond City Circuit Court.[1] However, to the extent that he intended to file it in federal court, it must be construed as a successive and unauthorized 28 U.S.C. § 2254 petition.

The Court has previously denied Mr. Bullock's § 2254 petition attacking these convictions. *Bullock v. Clarke*, No. 3:19CV945, 2021 WL 786012, at *1–7 (E.D. Va. Feb. 3, 2021), *R & R adopted*, 2021 WL 785088 (E.D. Va. Mar. 1, 2021). Therefore, for the reasons set forth below, the action will be DISMISSED for lack of jurisdiction.

---

[1] Mr. Bullock indicates that "this Federal Court need to recognize that Mr. Timothy Bullock's Sixth Amendment rights to counsel exists and should be solidified in order to protect fundamental rights to a fair trial." (ECF No. 1, at 2.) Therefore, it appears that Mr. Bullock intended to file his motion in this Court.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Mr. Bullock cannot avoid that result by simply omitting reference to 28 U.S.C. § 2254 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (*citing Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Mr. Bullock's current motion arguing that his trial was unfair, the Commonwealth's Attorney had actual malice against him and used a false statement against him, that there were issues with the evidence, and that his Sixth Amendment rights were violated, (ECF No. 1, at 1–3), falls squarely within the ambit of 28 U.S.C. 2254(a). *See Smith v. Virginia*, Nos. 3:12CV148 (REP), 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005))). The Court has not received authorization from the

United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Buollock fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11/12/2024  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

3